DISTRICT OF MASSACHUSETTS
Boston,
THEODORE
    Plaintiff

V.

    No: 2282CV00119

United States Post Office
Jean Tyburski, Barbara L. Holder
    Amended Complaint **Rule 15(A)**
Defendant Failure To Comply With Notice

1. I Theodore Tobias (hereinafter "plaintiff") marked Jean Turburski, Barbara L Holder (hereinafter "defendant") be added in the caption. Defendant received an e-mail from plaintiff on September 26, 2021, which was a Demand Letter, **See** E-mail Exibit 1.
• And a cause of action, See Exibit 1.

2. It has been past 5 months and defendant has not responded to plaintiffs Demand Letter this **violates** Chapter 93A section 7 and six **See** Exibit 2. Failure To Comply With Notice Section 7.

3. This unfair or deceptive act or practice is declared unlawful by section 2 of Chapter 93A which reads (in part) Section 9(1), 11, 2... any person... practice declared to be unlawful by section 2 or any person whose rights are affected by another person violating the provisions of clause 9 of section three of chapter 176D (3), **See** Exibit 3.

1.

Unfair and Deceptive Practice

A.) It reads verbatim: I understand that if I insure the property, the USPS will only indemnify the ACTUAL value of the property up to the amount of insurance purchased. See Exibit 1.

B.) This was insured on 1/26/17 and signed and authorized by staff, See Exibit 1

4. It is unfair that the USPS said that if I purchased this insurance they would indemnify plaintiff, I have a tracking number and receipt from 245 Broad Street Windsor CT 06095, See Exibit 1 — Also defendant is the Postmaster residing at 245 Broad St., Windsor CT 06095.

5. If USPS/defendant do not honor the contract/insurance policy — then it's a breach of contract, and a deceptive practice! To take your money, in this case plaintiffs money and deliver package to the wrong address and failure to pay a related insurance claim, See Exibit 1 the judge.

Wherefore plaintiff asks that this be granted due to defendant violated Chapter 93A Section 7 and Six, failure to comply with Notice and did an unfair and deceptive practice outlined herein in this ~~motion~~ Amended complaint, it's an insurance claim and USPS misdilivered the package, See Exibit 1, 2.

*I HAVE THE ORIGINAL DOCUMENT.

6. Plaintiff mailed package to:
Thea Melluzzo
4308 Avalon Dr.
Randolph MA. 02368, See Exibit 1.

7. Defendant/USPS mailed package to:
In/At Mailbox
Windsor CT 06095, See Exibit 4.

8. It took USPS/defendant one year to deliver package, then defendant, USPS delivered it to the wrong address, therefore defendant is liable, negligent

### REQUESTED RELIEF

$50,000.00 x 3 for the amount of insurance purchased, See Exibit 1 U.S. Department of Justice, over charged me, 93A violation.

$99,000.00 x 3 For Breach of Contract and 93A violation, monetary damages

$50,000.00 x 3 For Delivering Package To Wrong Address and 93A violations

**TOTAL: $597,000.00**

Plaintiff asks that this court acknowledge the law in this Commonwealth with respects to amendments and **grant** this due to herein FACTS and federal court(s) have subject matter jurisdiction.

Theodore Tobias jr
Theodore Tobias, Ware Security Consultants LLC
826 Willard St Apt 212
Quincy MA. 02169
E-mail: Tobias.Theodore@yahoo.com
Phone: 860-996-2617   **3.**

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                                                                                          **SUPERIOR COURT**
**CIVIL ACTION**
**NO. 2282CV00119**

### THEODORE TOBIAS

### vs.

### UNITED STATES POSTAL SERVICE

### RULING AND ORDER

The plaintiff, Theodore Tobias, who is pro se, has filed this civil Complaint which purports to assert a claim against the defendant, the United States Postal Service. The Complaint has been submitted to the court upon the plaintiff's application to waive the filing fee and costs not specified upon the basis of indigency. The court determines the plaintiff to qualify as an indigent person under relevant guidelines which entitles him to waiver of the filing fee. However, in reviewing the Complaint, it is plain that it sets forth a cause of action against the defendant for mis-delivery/delayed delivery of a parcel and failure to pay a related insurance claim. There is no authority under the law to bring such a suit against the United States Government or any of its agencies, including the Postal Service, in a state, as opposed to federal court. Therefore, this court lacks subject matter jurisdiction over this claim, and it cannot proceed.

Accordingly, while the plaintiff is indigent, the court directs that the Complaint as received and as properly docketed is hereby **DISMISSED**.

SO ORDERED.

Dated: March 30, 2022

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk

Maynard M. Kirpalani
Justice of the Superior Court

From: theodore tobias <tobias.theodore@yahoo.com>
Date: September 26, 2021 at 4:17:48 PM EDT
To: jean.tyburski@usps.gov
Subject: **Demand Letter**



on 2/16/18 Officer <u>Izquierdo</u> handed me (after a year
'arrastrada) a:

USPS TRACKING #: 9114 9999 4431 4163 1431 13
& CUSTOMER RECEIPT    For Tracking or inquiries go to USPS.com
                      or call 1-800-222-1811.

Mr. Tobias FYI....                                      January 18, 2018

Per our conversation this morning, I have printed out the specifications for insurance coverage for the United States Postal Service the maximum payout is $5000.00 (five thousand dollars)

**Taken the United States Postal Service Domestic Mail Manual (DMM)**

4.3.1 Description

[10-2-17] Insured mail is subject to the basic standards in 1.0; see 1.4 for eligibility. The following additional standards apply to insured mail:

a. Insured mail purchased at a retail Post Office location, online through Click-N-Ship, a USPS-approved provider of PC Postage products or customer-generated integrated barcodes provides <u>up to $5,000.00 indemnity coverage for articles that are lost, damaged or have missing contents.</u> In order to be eligible for insurance indemnity, a mail piece must have received at least one USPS processing scan or the customer must provide proof of insurance (see 609.3.1). Customers are encouraged to deposit insured mail pieces with a USPS retail associate.

b. Bulk insurance prices are available for insured articles entered by authorized mailers who meet the criteria in 4.4. This service is not available for insurance purchased online.

c. Insured mail provides the mailer with a mailing receipt. No record of insured mail is kept at the office of mailing; however, the USPS maintains insured mail delivery records for a period of time. An item insured for $500.00 or less receives a delivery scan. An item insured for more than $500.00 receives a delivery scan (includes returns products meeting the applicable standards in 505) and the USPS obtains and provides the recipient's signature as the delivery record to the mailer electronically (excludes returns products). Customers may optionally obtain a delivery record by purchasing a Hardcopy return receipt (Form 3811; also see 6.0 excludes returns products). Customers may direct delivery of mail insured for more than $500.00 only to the addressee (or addressee's authorized agent) using Insurance Restricted Delivery (4.5).

d. Postal insurance may be purchased at only one source for each mail piece, combining postal insurance from multiple sources is not permitted.

e. First-Class Mail, First-Class Package Service — Retail, First-Class Package Service — Commercial, and Priority Mail may be insured, if it contains matter that is eligible to be mailed at USPS Marketing Mail, USPS Retail Ground, or Package Services prices.

f. For insured mail, the mailer guarantees to pay the applicable return and forward postage, unless the mailer writes instructions on the wrapper or envelope not to forward or return the mail.

*Barbara L. Holder*

Barbara L. Holder Postmaster
245 Broad Street
Windsor, CT  06095-9998

Enclosure(s)



Subject: Demand Letter

Barbara L. Holder Postmaster/And/or Active Postmaster in 2021.

On 1/27/17 I mailed an Inmate Package Insured for $500,000.00 See Amount of Insurance Purchased/Value Attached.

MY REQUEST states verbatim: "I understand that if I insure the property, the USPS will only indemnify the ACTUAL value of the property up to the amount of insurance purchased See Request Attached.

On 2/10/18 I received my Customer Receipt. See Barbara L. Holder Postmaster Correspondence Attached.

On 1/27/17 my insured package was approved. See Signature of Authorized Staff Attached. I Theodore Tobias was overcharged, where is Tranttybowski, please send me a check or money order for $9,000.00 (fifty thousand dollars) before 10/31 2021 I will give you 10 days or I will file suit with the court. For being overcharged, thank you.

Sincerely,
Theodore Tobias Jr.
THEODORE TOBIAS
Phone = 860-996-2617
E-mail: getsed291@gmail.com
E-mail: Tobias.Theodore@
Date: 9/24/21

Sent from my iPhone

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST — AUTHORIZATION TO MAIL INMATE PACKAGE**

| Name of Inmate | Register No. | Institution |
|---|---|---|
| Theodore Tobias | 13190-014 | USP Atlanta |

| Item(s) | Value |
|---|---|
| Invention (Prototype) and WP T-328 | 500 000 000 |

**REQUEST**

I am requesting that the above items be sent from the Institution to the address specified. The item(s) are my personal property. Total value is as shown above. I understand that if I insure the property, the USPS will only indemnify the ACTUAL value of the property up to the amount of insurance purchased. I will provide sufficient postage stamps to cover the cost of mailing and all services requested. I have completed the mailing label, below.

Insure?  YES  NO    Certify?  YES  NO    Register?  YES  NO    Return Receipt?  YES  NO

Inmate Signature: _____    Date: _____

**APPROVAL**

The above inmate is authorized to ship the item(s) shown.

Signature of Authorized Staff: _____    Date: _____

**PROCESSING**

Property indicated above was packed and sealed in the inmates presence.

Signature of Authorized Staff: _____    Date: _____

Property indicated above was received and mailed on the date indicated. The following services were provided as requested above: (circle as appropriate)

INSURED    CERTIFIED    REGISTERED–Number assigned _____

RETURN RECEIPT REQUESTED - YES   NO   Total Stamps Provided = $ _____

Mail Officer signature: _____    Date _____

After mailing send copies of this form to: Original Mail Room, Copy - Inmate, R&D, Central File

USP LVN    PRINTED ON RECYCLED PAPER    BP-329(58) February 1984

---

FROM:
Name _____
Box or Street Address _____
City, State and ZIP Code _____

Subscribed and Sworn to before me, a Notary Public in and for the County of Hartford and State of Connecticut, this 18th day of January, 2018

Donna S. Higgins
Notary Public

DONNA S. HIGGINS
NOTARY PUBLIC

I Theodore A. Tobias jr do certify that the foregoing is a Copy of the Original Document issued by the Department of Justice

Theodore A. Tobias jr.

Postage Stamps Here

TO: Thea Melluzzo

4308 Avalon Dr.

Randolph MA 02368

Exibit 2

| | |
|---|---|
| **Part I** | ADMINISTRATION OF THE GOVERNMENT |
| **Title XV** | REGULATION OF TRADE |
| **Chapter 93A** | REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION |
| **Section 7** | FAILURE TO APPEAR OR TO COMPLY WITH NOTICE |

Section 7. A person upon whom a notice is served pursuant to the provisions of section six shall comply with the terms thereof unless otherwise provided by the order of a court of the commonwealth. Any person who fails to appear, or with intent to avoid, evade, or prevent compliance, in whole or in part, with any civil investigation under this chapter, removes from any place, conceals, withholds, or destroys, mutilates, alters, or by any other means falsifies any documentary material in the possession, custody or control of any person subject to any such notice, or knowingly conceals any relevant information, shall be assessed a civil penalty of not more than five thousand dollars.

The attorney general may file in the superior court of the county in which such person resides or has his principal place of business, or of Suffolk county if such person is a nonresident or has no principal place of business in the commonwealth, and serve upon such person, in the same manner as provided in section six, a petition for an order of such court for

the enforcement of this section and section six. Any disobedience of any final order entered under this section by any court shall be punished as a contempt thereof.

Exibit 3

| | |
|---|---|
| **Part I** | ADMINISTRATION OF THE GOVERNMENT |
| **Title XV** | REGULATION OF TRADE |
| **Chapter 93A** | REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION |
| **Section 9** | CIVIL ACTIONS AND REMEDIES; CLASS ACTION; DEMAND FOR RELIEF; DAMAGES; COSTS; EXHAUSTING ADMINISTRATIVE REMEDIES |

Section 9. (1) Any person, other than a person entitled to bring action under section eleven of this chapter, <u>who has been injured</u> by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of [clause (9)] of <u>section three</u> of <u>chapter one hundred and seventy-six D</u> may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

(2) Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such

other persons, bring the action on behalf of himself and such other similarly injured and situated persons; the court shall require that notice of such action be given to unnamed petitioners in the most effective practicable manner. Such action shall not be dismissed, settled or compromised without the approval of the court, and notice of any proposed dismissal, settlement or compromise shall be given to all members of the class of petitioners in such manner as the court directs.

(3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance

coverage available in payment of the claim. In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper. The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth, but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section. Notwithstanding any other provision to the contrary, if the court finds any method, act or practice unlawful with regard to any security or any contract of sale of a commodity for future delivery as defined in section two, and if the court finds for the petitioner, recovery shall be in the amount of actual damages.

(3A) A person may assert a claim under this section in a district court, whether by way of original complaint, counterclaim, cross-claim or third-party action, for money damages only. Said damages may include double or treble damages, attorneys' fees and costs, as herein provided. The demand requirements and provision for tender of offer of settlement provided in paragraph (3) shall also be applicable under this paragraph, except that no rights to equitable relief shall be created under this paragraph, nor shall a person asserting a claim hereunder be able to assert any claim on behalf of other similarly injured and situated persons as provided in paragraph (2).

(4) If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in

14.

connection with said action; provided, however, the court shall deny recovery of attorney's fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section.

*[There is no paragraph (5).]*

(6) Any person entitled to bring an action under this section shall not be required to initiate, pursue or exhaust any remedy established by any regulation, administrative procedure, local, state or federal law or statute or the common law in order to bring an action under this section or to obtain injunctive relief or recover damages or attorney's fees or costs or other relief as provided in this section. Failure to exhaust administrative remedies shall not be a defense to any proceeding under this section, except as provided in paragraph seven.

(7) The court may upon motion by the respondent before the time for answering and after a hearing suspend proceedings brought under this section to permit the respondent to initiate action in which the petitioner shall be named a party before any appropriate regulatory board or officer providing adjudicatory hearings to complainants if the respondent's evidence indicates that:

(a) there is a substantial likelihood that final action by the court favorable to the petitioner would require of the respondent conduct or practices that would disrupt or be inconsistent with a regulatory scheme that regulates or covers the actions or transactions complained of by the petitioner established and administered under law by any state or federal regulatory board or officer acting under statutory authority of the commonwealth or of the United States; or

15.

(b) that said regulatory board or officer has a substantial interest in reviewing said transactions or actions prior to judicial action under this chapter and that the said regulatory board or officer has the power to provide substantially the relief sought by the petitioner and the class, if any, which the petitioner represents, under this section.

Upon suspending proceedings under this section the court may enter any interlocutory or temporary orders it deems necessary and proper pending final action by the regulatory board or officer and trial, if any, in the court, including issuance of injunctions, certification of a class, and orders concerning the presentation of the matter to the regulatory board or officer. The court shall issue appropriate interlocutory orders, decrees and injunctions to preserve the status quo between the parties pending final action by the regulatory board or officer and trial and shall stay all proceedings in any court or before any regulatory board or officer in which petitioner and respondent are necessarily involved. The court may issue further orders, injunctions or other relief while the matter is before the regulatory board or officer and shall terminate the suspension and bring the matter forward for trial if it finds (a) that proceedings before the regulatory board or officer are unreasonably delayed or otherwise unreasonably prejudicial to the interests of a party before the court, or (b) that the regulatory board or officer has not taken final action within six months of the beginning of the order suspending proceedings under this chapter.

(8) Except as provided in section ten, recovering or failing to recover an award of damages or other relief in any administrative or judicial proceeding, except proceedings authorized by this section, by any person entitled to bring an action under this section, shall not constitute a bar to, or limitation upon relief authorized by this section.

Exibit 4